IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00437-RM-NYW

MAKAYLA HARRIS,
COLLEEN LEWIN,
TIFFANY WILLIAMS, individually, and on behalf of all others similarly situated,

    Plaintiffs,

v.

STARTEK USA, INC.,

    Defendant.

## ORDER GRANTING MOTION TO STAY

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Joint Motion to Stay Discovery Pending a Ruling on Plaintiffs' Pre-Discovery Motion for Conditional Certification (the "Motion" or "Motion to Stay"). [Doc. 30, filed May 9, 2022]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated April 14, 2022, [Doc. 20], and the Memorandum dated May 9, 2022. [Doc. 31]. Upon review of the Motion to Stay and the applicable case law, the Motion to Stay is hereby **GRANTED**.

## BACKGROUND

On February 18, 2022, Plaintiffs Makayla Harris, Colleen Lewin, and Tiffany Williams initiated this putative collective and class action against their former employer, Startek USA, Inc. ("Defendant" or "Startek"). *See* [Doc. 1]. Plaintiffs allege that Defendant has committed willful violations of the Fair Labor Standards Act ("FLSA"), as well as violations of numerous state wage laws. [*Id.* at ¶ 1]. Specifically, Plaintiffs allege that Defendant fails to compensate its employees for all work performed, including compensable work tasks that occur before and after the

employees' scheduled shifts. [*Id.* at ¶ 7]. Defendant filed an Answer to Plaintiffs' Complaint on March 18, 2022. [Doc. 12].

On April 11, 2022, Plaintiffs filed a Pre-Discovery Motion for Conditional Collective Certification and Court-Authorized Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) (the "Motion for Conditional Certification"). [Doc. 16]. The Motion for Conditional Certification has been referred to the undersigned Magistrate Judge for recommendation. [Doc. 22]. On April 28, 2022, this court convened for a Scheduling Conference, which was converted to a Status Conference upon the Parties' representation that they intended to file a motion to stay discovery in this case pending resolution of the Motion for Conditional Certification. *See* [Doc. 29 at 1].[1] This court ordered the Parties to file a joint motion no later than May 12, 2022. [*Id.*]. The instant Motion to Stay followed, *see* [Doc. 30], which was accompanied by a Memorandum in Support. [Doc. 32]. The court considers the Parties' request to stay discovery in this case below.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Indeed, although the Federal Rules of Civil Procedure

---

[1] After obtaining an extension of time, Defendant's deadline to respond to the Motion for Conditional Certification is May 23, 2022. *See* [Doc. 28]. Thus, the Motion for Conditional Certification will be fully briefed on or around June 6, 2022. *See* D.C.COLO.LCivR 7.1(d).

do not expressly provide for a stay of proceedings, the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In determining whether a stay is appropriate, the court weighs interests such as whether defendants are likely to prevail in the civil action; whether defendants will suffer irreparable harm; whether the stay will cause substantial harm to other parties to the proceeding; and the public interests at stake. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The court may also consider the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to the plaintiff of a delay, the burden on the defendants, and the convenience to the court (the "*String Cheese* factors"). *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

## ANALYSIS

The Parties seek to stay discovery in the instant action pending resolution of Plaintiffs' Motion for Conditional Certification. [Doc. 32 at 1]. First, they assert that it is appropriate for the initial "notice stage" determination in a collective action—i.e., the determination as to whether the plaintiffs are similarly situated—to occur prior to discovery. [*Id.* at 1-2]. And for this reason, the Parties maintain that the *String Cheese* factors weigh in favor of their requested stay. [*Id.* at 3-6].

**I.     Conditional Certification**

3

Before turning to the *String Cheese* factors, the court finds it appropriate to first frame the Parties' request within the context of this putative collective action. "To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff[s]." *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632-CMA-BNB, 2011 WL 2791331, at *5 (D. Colo. July 14, 2011). The Tenth Circuit has approved a two-step approach to determine whether plaintiffs in a collective action have met this burden. *See Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). First, during the "notice stage," the court makes an initial determination on a case-by-case basis to determine whether the plaintiffs are similarly situated. *Id.* At this stage, the court requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). "The notice stage analysis occurs before discovery on a motion for conditional certification." *Smith*, 2011 WL 2791331, at *5; *Morris v. MPC Holdings, Inc.*, No. 20-cv-02840-CMA-NYW, 2021 WL 4124506, at *1 (D. Colo. Sept. 9, 2021).

The second step in this determination occurs at the conclusion of or after discovery. *Thiessen*, 267 F.3d at 1103. At this point in the litigation, the court will employ a "stricter standard" of "similarly situated," wherein the court analyzes the nature of the collective action case against several factors, including the plaintiffs' factual allegations and employment settings, the defendant's potential defenses that are individual to each plaintiff, and other fairness considerations. *Id.* Thus, it may be in the Parties', and the court's, interest to stay discovery prior to the resolution of the Motion for Conditional Certification so that after such a determination, "the parties can engage in meaningful conversations about how discovery should proceed, what appropriate limits may be necessary, and whether the parties can agree to representational proof if

4

the motion is granted." *Hackworth v. Harriman Util. Bd.*, No. 3:21-cv-114-CLC-HBG, 2021 WL 3410043, at *4 (E.D. Tenn. Aug. 4, 2021). With this framework in mind, the court considers the *String Cheese* factors below.

## II. The *String Cheese* Factors

***Plaintiffs' Interest in Proceeding Expeditiously***. Plaintiffs "undoubtedly have an interest in proceeding expeditiously in this matter." *Sanchez v. City & Cty. of Denver*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *5 (D. Colo. Feb. 26, 2020). However, Plaintiffs themselves seek a stay of discovery, and thus, it does not appear that they believe that their interest will be significantly harmed by a stay of discovery in this case. *Cf. Collins v. Dkl Ventures, LLC*, No. 16-cv-00070-MSK-KMT, 2016 WL 852880, at *2 (D. Colo. Mar. 4, 2016) (finding that where the plaintiff did not oppose a stay of discovery, no prejudice would result from a stay); *Raykovitz v. Elec. Builders, Inc.*, No. CV 119-137, 2019 WL 7341602, at *1 (S.D. Ga. Dec. 30, 2019) ("Plaintiff's filing of his motion for conditional certification shows he believes he has enough information to warrant a favorable ruling."). In fact, Plaintiffs maintain that they may be harmed *absent* a stay of discovery, as they may be required to expend significant resources engaging in discovery before the scope of discovery is determined. [Doc. 32 at 4]. Finally, the Parties note that each named Plaintiff has filed a Notice of Consent to Join Collective Action, *see* [Doc. 7; Doc. 10; Doc. 11], which tolls the statute of limitations for their FLSA claims. [Doc. 32 at 4]. For these reasons, the court concludes that a stay of discovery will not harm Plaintiffs' interests, and further finds that this factor weighs in favor of a stay of discovery.

***The Burden on Defendant***. Similarly, the court finds that the second *String Cheese* factor—the burden on Defendant—weighs in favor of a stay. As a preliminary matter, the court emphasizes that typically, "[t]he ordinary burdens associated with litigating a case do not

constitute undue burdens." *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011). Indeed, "[d]efendants always are burdened when they are sued." *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). But here, the Parties assert that the "value of [the existing] claims pales in comparison to the litigation costs associated with initiating discovery," even on an individual basis. [Doc. 32 at 5]. They maintain that absent a stay, Defendant may occur "substantial attorney fees and costs" to litigate "Plaintiffs' modest unpaid wage claims." [*Id.*].

Due to the unique circumstances of this case, the court agrees with the Parties. The significant resources that Defendant may be required to expend in discovery prior to the determination of the Motion for Conditional Certification could prove unnecessary depending on the resolution of that Motion. *See Hackworth*, 2021 WL 3410043, at *4 (explaining that if the parties proceed with discovery and the motion for conditional certification is thereafter granted, "Defendant will have to supplement most of its responses depending on who files a consent."); *Raykovitz*, 2019 WL 7341602, at *1 ("[R]esolution of Plaintiff's motion for conditional certification will greatly impact the number of claims and scope of discovery."); *cf. Atl. Richfield Co. v. NL Indus., Inc.*, No. 20-cv-00234-RMR-KLM, 2021 WL 5016019, at *2 (D. Colo. Oct. 19, 2021) (finding that, although the defendants had not demonstrated that proceeding with discovery would present an *undue* burden, finding that the second *String Cheese* factor nevertheless weighed in favor of a stay where discovery "could be wasteful"). The court concludes that this factor weighs in favor of a stay.

**The Convenience to the Court**. The third *String Cheese* factor also favors a stay. Although courts in this District have recognized the "inconvenience[] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket

6

less predictable and . . . less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), the court has not yet held a Scheduling Conference in this matter. Denying a stay of discovery at this juncture would require the court to convene a Scheduling Conference and enter a Scheduling Order, which may ultimately require significant amendments after the resolution of the Motion for Conditional Certification. In light of the specific circumstances before the court, the court concludes that judicial resources would best be conserved by staying discovery until the Motion for Conditional Certification is resolved, and thus, the third *String Cheese* factor favors a stay of discovery.

***The Interests of Non-Parties and the Public Interest***. The Parties do not identify any non-parties who may be affected by a stay in this matter." [Doc. 32 at 5]. The thus finds that the fourth *String Cheese* factors is neutral. *See Minter v. City of Aurora*, No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021) (where no party had identified non-party interests, the fourth *String Cheese* factor was neutral). With respect to the public interest, the Parties argue that the public "has no legitimate interest that is adverse to the Court granting the Parties' request." [Doc. 32 at 6]. While the public has a "strong interest . . . in general regarding the prompt and efficient handling of all litigation," *Wells*, 2011 WL 2516390, at *2, "[a]voiding wasteful efforts by the court and the litigants serves that purpose." *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020). The court finds that this final factor weighs in favor of a stay.

Upon consideration of the *String Cheese* factors, the court concludes that a stay of discovery pending the resolution of the Motion for Conditional Certification is appropriate. The

Motion to Stay is therefore **GRANTED**. Discovery in this matter is **STAYED** pending the final resolution of the Motion for Conditional Certification by the presiding judge.[2]

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)  Joint Motion to Stay Discovery Pending a Ruling on Plaintiffs' Pre-Discovery Motion for Conditional Certification [Doc. 30] is **GRANTED**;

(2)  All discovery in this matter is hereby **STAYED** pending final resolution of the pending Motion for Conditional Certification [Doc. 16]; and

(3)  Within **seven days** of the final disposition of the pending Motion for Conditional Certification, the Parties shall **JOINTLY CONTACT** the undersigned's chambers to set a Scheduling Conference in this matter.

DATED: May 11, 2022                                          BY THE COURT:

_____

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that when a dispositive motion is referred to a Magistrate Judge for recommendation, the magistrate judge must enter a recommended disposition. Fed. R. Civ. P. 72(b)(1). The Parties then have 14 days to object to the recommendation, at which time the presiding judge will resolve any objections and rule on the recommendation. Fed. R. Civ. P. 72(b)(2)-(3). The issue of whether a motion for conditional certification is dispositive has not been resolved by the Tenth Circuit, *see Valverde v. Xclusive Staffing, Inc.*, No. 16-cv-00671-RM-MJW, 2018 WL 4178532, at *2 (D. Colo. Aug. 31, 2018), but Magistrate Judges in this District regularly proceed via recommendation on these motions. *See, e.g.*, *Judd v. KeyPoint Gov't Sols., Inc.*, No. 18-cv-00327-RM-STV, 2018 WL 4383037, at *1 (D. Colo. July 30, 2018), *report and recommendation adopted*, 2018 WL 7142193 (D. Colo. Dec. 4, 2018); *Nelson v. FedEx Ground Package Sys., Inc.*, No. 18-cv-01378-RM-NYW, 2018 WL 6715897, at *1 (D. Colo. Dec. 21, 2018), *report and recommendation adopted*, 2019 WL 1437765 (D. Colo. Feb. 8, 2019). This court intends to do the same here. Accordingly, discovery in this matter is stayed pending Judge Moore's final resolution of the Motion for Conditional Certification, as opposed to any recommendation entered by this court.

                                                      Nina Y. Wang
                                                      United States Magistrate Judge